IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEON EMANUEL CRAIG,     Petitioner, | : : : | CIVIL ACTION |
| v. | : : | |
| MR. SUPT. ROZUM, et al.,     Respondents. | : : | NO. 07-5490 |

## REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                        February 27, 2008

    Before the Court for Report and Recommendation is Petitioner Deon Emanuel Craig's ("Petitioner") *pro se* petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Craig is currently incarcerated at the State Correctional Institute in Somerset, Pennsylvania, serving a sentence that arises out of a prosecution in Montgomery County.[1] As his petition fails to set out a non-frivolous claim that he is in custody "in violation of the Constitution or laws or treaties of the United States" and has, in any event, wholly failed to exhaust his claim in state court, we recommend that it be summarily dismissed.

### **PROCEDURAL BACKGROUND**[2]

    On March 7, 2007, in the Common Pleas Court of Montgomery County, Petitioner pled guilty to escape from detention, aggravated assault, and possession of instruments of crime. (First Pet. at 5, Pet. at 4). He was sentenced to one to three years imprisonment. (Pet. at 4). He never filed

---

[1] Although SCI Somerset is in the Western District of Pennsylvania, venue here is proper in that Petitioner's prosecution and conviction occurred within the Eastern District.

[2] Our recitation of the procedural history relies upon the procedural history described by Craig in his original Petition for Writ of Habeas Corpus ("First Pet.") (Doc. 1), which was filed without utilizing the proper form required by the Court, his subsequent form Petition for Writ of Habeas Corpus ("Pet.") (Doc. 3) and the accompanying memorandum of law ("Pet. Mem.").

a state court appeal.  (*Id.*).

Craig initiated the present habeas action *pro se* on December 15, 2007.  As this initial petition was not filed with the current standard habeas form, he was ordered to utilize this standard form (Doc. 2), and he subsequently filed a proper petition on January 17, 2008.  His petition sets out a single ground for relief:  that he was prosecuted under a criminal statute which, he argues, had been repealed upon the enactment of the Pennsylvania Constitution of 1968 (Pet. at 9) in violation of the "general [constitutional] principle[], that after the expiration or repeal of a law, no penalty can be enforced, nor punishment inflicted, for violations of the law committed while it was in force, unless some special provision be made for that purpose by statute."  *United States v. Chambers*, 291 U.S. 217, 223 (1934).[3]  In that Petitioner's claim clearly provides no ground upon which we could plausibly grant relief, we determined that it was unnecessary to order the Montgomery County District Attorney's Office to file a response.

## DISCUSSION

### A.     Requirement of non-frivolous grounds for relief

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs a federal court's review of a habeas corpus application, requires a petitioner seeking relief to show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Upon receipt of a habeas application, the reviewing court is required to order a response from a named respondent unless it appears from the face of the application that the petitioner is not

---

[3] We note that the rule set out in *Chambers* and in cases pre-dating Chambers has been characterized by the Supreme Court as setting out a "universal common-law rule" whose violation may or may not violate the Constitution or laws of the United States.  *Bell v. Maryland*, 378 U.S. 226, 230 (1964).  In addressing Craig's petition, however, we do not pass upon the question of whether his claim, if true, would merit habeas relief.

entitled to relief.  Specifically, the statute provides that the court

> shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not granted unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243.  This language makes clear that a habeas court is *not* required to issue an order requiring an answer if it appears from the application that the petitioner is not entitled to relief. Taken together, §§ 2243 and 2254(a) make it clear that a habeas petition which fails to state a non-frivolous ground for relief is subject to dismissal and the court may dismiss it without requiring the respondent to file an answer.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts confirms this direction.  The Rule provides that the district court, upon receiving a habeas petition, must promptly examine it, and, "[i]f [upon examination] it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 further states that a judge must order the respondent to file an answer only "[i]f the petition is *not* dismissed . . . ." (emphasis added).  The plain language of the rule thus makes clear that where the petition is frivolous on its face, it should be dismissed without ordering the respondent to answer.  Such is the case here.

The Advisory Committee Notes to this rule confirm this plain language reading of the rule. The Committee has recognized, in response to the suggestion that a habeas court should require an answer to a petition in every habeas proceeding, that "under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  Advisory Committee Note to Rule 4 Governing Section 2254 Cases (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)).

The Sixth Circuit in *Allen* was critical of the blanket policy of the lower court judge that required the respondent to file an answer to every habeas petition, without first examining the petition on his own to determine whether it contained potentially meritorious claims. *Allen*, 424 F.2d at 140-41. The court stated that a reviewing court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face. No return is necessary when the petition is frivolous, or obviously lacking in merit, or where, as here, the necessary facts can be determined from the petition itself without need for consideration of a return." *Id.* at 141 (citing *Higgins v. Steele* 195 F.2d 366 (8th Cir. 1952); *Farley v. Skeen*, 113 F. Supp. 736 (D.C. W.Va. 1953), appeal dismissed, 208 F.2d 719 (4th Cir. 1953)). Numerous cases decided by district courts within our Circuit have, in turn, adopted the *Allen* interpretation requiring a habeas court to conduct this initial screening. *See, e.g., Watson v. Wynder*, No. 07-4066, (E.D. Pa. Nov. 27, 2007) (adopting Magistrate Judge's Report and Recommendation to dismiss petition without requiring response); *Porte-Yanes v. Lore*, No. 4:CV-07-1525, 2007 U.S. Dist. LEXIS 72130 (M.D. Pa. Sep. 27, 2007); *Richardson v. Diguglielmo*, No. 4:CV-07-1445, 2007 U.S. Dist. LEXIS 63370 (M.D. Pa. Aug. 28, 2007); *Nicholas v. Pa. State Police*, No. 3:CV-07-1026, 2007 U.S. Dist. LEXIS 46196 (M.D. Pa. June 26, 2007); *Padilla v. Warden*, No. 4:CV-07-919, 2007 U.S. Dist. LEXIS 37871 (M.D. Pa. May 24, 2007); *Pilkey v. FDC Philadelphia*, No. 07-1528, 2007 U.S. Dist. LEXIS 35690 (E.D. Pa. May 15, 2007); *Woodruff v. Lappin*, No. 3:CV-07-0167, 2007 U.S. Dist. LEXIS 12348 (M.D. Pa. Feb. 7, 2007).

    **B.**    <u>**Petitioner's lone claim is frivolous and should be dismissed**</u>

The claim advanced by Craig is that he was wrongly prosecuted under a statute which, he argues, was repealed by the enactment of the Constitution of the Commonwealth of Pennsylvania

of 1968. (Pet. at 9). In support of this argument, he points to provisions contained in the Constitutions of Pennsylvania of 1790, 1838 and 1874, all of which contained language stating that the laws of the Commonwealth in force at the time of the adoption of the alterations and amendments in the revised constitution "shall continue as if" such alterations and amendments had not been made. (Pet. at reverse side of 9; Pet. Mem. Exs. 3-5). He, in turn, points to the lack of such express language within the Constitution of 1968, and concludes that this failure resulted in the repeal "of all statutes, laws, prosecutions, and codes" that had been in effect prior to this new constitution, and that the same were thus "void of any further force or effect." (Pet. at reverse side of 9). According to Petitioner this would include all criminal statutes enacted prior to 1968. (Pet. Mem. at 2). Petitioner further argues that "after the expiration or repeal of a law, no penalty can be enforced, nor punishment inflicted for violations of the law committed while it was in force" (Pet. Mem. at 1) (citing *Yeaton*, 9 U.S. at 283), and concludes that his "prosecution was prohibited" (Pet. at 9), leaving him improperly detained and entitled to habeas relief.

This claim lacks any merit whatsoever. Indeed, the Pennsylvania Supreme Court long ago rejected it. As the court explained:

> The system already in force was recognized, and it does not follow that new provisions, in the nature of limitations upon the power of the legislature, destroy previous legislation inconsistent with them, for the new regulations apply merely as a restriction for the future. "In judging what [the Constitution] means, we are to keep in mind that it is not the beginning of law for the State, but that it assumes the existence of a well understood system which is still to remain in force and be administered, but under such limitations and restrictions as that instrument imposes." "Subsequent constitutions have never been construed as abolishing old systems and establishing new, but rather in the light of amendments of existing law. . . ."

*In re Georges Township School Directors*, 286 Pa. 129, 135 (1926) (citing *Cooley on Constitutional Limitations*, 7th ed., 94 and *White on the Constitution*, 21). *See also Pittsburg v. Pittsburg, C. & W.*

*R. Co.*, 205 Pa. 13, 19 (1903). The court therefore concluded that the enactment of a Constitution "is not to be construed as an abrogation of existing laws, unless the intent is too clear to be mistaken, but, like amendments to the statute law, is deemed to be operative only for the future." *In re Georges Township* 286 Pa. at 135. *See also Hempfield Twp. Appeal*, 217 Pa. Super. 439, 441 (1970).

The Pennsylvania Constitution of 1968 contains no provision manifesting any intent to abrogate all pre-existing laws. Petitioner's argument notwithstanding, we will certainly not read such a provision into it. The claim is frivolous.

### C. Petitioner's failure to exhaust his claim in state court

In addition to stating a frivolous claim, Petitioner has completely failed to exhaust his state court remedies. Under 28 U.S.C. § 2254(b)(1), a habeas court may not grant relief unless a petitioner "has exhausted the remedies available in the courts of the State." The Supreme Court has ruled that § 2254(b)(1) requires habeas petitioners to "give the states one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioners who have not done so have failed to exhaust their claims. *Id.* Where a petition states a frivolous claim, however, a habeas court may address the merits of that claim without requiring that the petitioner first return to the state court and fully litigate the claim there, as "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

Petitioner here failed to file any direct appeal in state court. (Pet. at 4). He has also failed to seek any post-conviction collateral review. (*Id.*). He has thus failed to invoke the requisite complete round of the State's established appellate review process and has failed to exhaust his

claim. Given that we find his petition to be frivolous, however, we recommend that it be dismissed on its merits, notwithstanding this failure to exhaust, and without ordering the Montgomery County District Attorney to respond to this petition.

### D. Certificate of Appealability

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should issue. Under 28 U.S.C. § 2253(c), a habeas court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." When a federal court rejects a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

Here, for the reasons set forth above and in light of the clear authorities discussed above, we do not believe a reasonable jurist would conclude that the Court incorrectly dismissed the present petition. Accordingly, a COA should not issue.

Our recommendation follows.

**RECOMMENDATION**

**AND NOW** this     27th     day of February, 2008, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus be **DISMISSED**.  It is **FURTHER RECOMMENDED** that a certificate of appealability should **NOT ISSUE** in that we do not believe that Petitioner has made a substantial showing of the denial of a constitutional right or that a reasonable jurist would debate the correctness of this ruling.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The petitioner may file objections to this Report and Recommendation.  *See*  Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

 /s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE